In the Matter of ST. JOHNS RIVER ASSOC. LTD., Debtor.

Wallace LEINHARDT, Trustee and Assignee of Monroe Clarke Corporation, Plaintiff,

v.

ST. JOHNS RIVER ASSOC. LTD., Defendant.

Charles BAKER and Charles Carroll as Trustees, Plaintiffs,

v.

ST. JOHNS RIVER ASSOC. LTD., Defendant.

Bankruptcy No. 78–791–Orl–P.

United States Bankruptcy Court, M. D. Florida, Orlando Division.

Jan. 2, 1980.

Jules S. Cohen, P. A., and John G. Pierce, Orlando, Fla., for debtor.

Robert L. Young, Carlton, Fields, Wand, Emmanuel, Smith & Cutler, P. A., Orlando, Fla., for Charles Baker and Charles Carroll.

Lawrence G. Mathews, Orlando, Fla., for Wallace Leinhardt.

FINAL JUDGMENT MODIFYING STAY

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a real property arrangement and the matters under consideration are the complaints filed by the plaintiffs, Wallace Leinhardt, Charles Baker and Charles Carroll seeking relief from the automatic stay provision of Bankruptcy Rule 12–43 in order to proceed with a foreclosure sale of certain real property of the debtor, St. Johns River Assoc. Ltd. The above adversary proceedings were consolidated for trial by stipulation of the respective parties. The pertinent facts as revealed by the record are as follows:

The debtor is an inactive limited partnership which owns as its only substantial asset, a tract of land bordering the St. Johns River in Volusia County, Florida. The property is undeveloped and consists of approximately 570 acres fronting Osteen-Maytown Road approximately three and one-half miles east of the town of Osteen, Florida.

The plaintiffs, plus a third mortgage holder, have mortgages with principal and interest balances of $581,378.43. The plaintiffs are claiming an entitlement to attorney's fees in addition to the unpaid princi-

pal and interest, and there are also unpaid ad valorem real property taxes on the property for the years 1976 through 1978, constituting a lien on the property in the amount of $11,098.33 plus interest and penalties.

The debtor originally proposed that 300 acres of the property would be subdivided into lots which would be sold for cash at a land auction. This proposal would have required expenditures by the debtor of over $250,000 in pre-auction development costs and would have required that the debtor obtain the necessary permits and approvals of various local, state and federal authorities.

However, this court takes judicial notice of the fact that the debtor never obtained a loan commitment to finance the pre-auction development costs and never obtained the requisite approval of the government authorities and, therefore, has abandoned its original proposal to subdivide the land and conduct an auction sale of the developed lots. The debtor now proposes to sell the unimproved land in larger parcels in such a fashion that would require several additional months to be accomplished.

■ A court of Bankruptcy in a real property arrangement proceeding clearly has the power to restrain and enjoin holders of mortgage liens to enforce the same on properties of a debtor, however, there must be a showing by the debtor that there is a reasonable likelihood of a successful rehabilitation. *In re Hartsdale*, 2 B.C.D. 1275 (S.D.N.Y.1976); *In re Colonial Realty*, 516 F.2d 154 (1st Cir. 1975); *Pembroke Manor*, 547 F.2d 805 (4th Cir. 1977).

The record reveals that the plaintiffs, together with the third mortgage holder, have affirmatively rejected the debtor's proposed plan of arrangement. Though these mortgage holders are not the debtor's only secured creditors, they by far hold the debtor's most substantial secured claims and there is some authority for the proposition that the plan of arrangement could not be confirmed over their objection. *In re Spicewood Assoc.*, 445 F.Supp. 564 (N.D.Ill. 1977). However, even if the debtor successfully uses the cram-down provision of Sec.

461(11) of the Bankruptcy Act to overcome the objections of the plaintiffs and the third mortgage holder, this Court is satisfied that the debtor has failed to demonstrate that a real possibility exists for it to effectuate a successful arrangement. The property in question is, for all practical purposes, the only asset of the debtor-partnership which has, since 1973, been inactive with its sole business activities having been connected with unsuccessful attempts to sell or refinance the property or to pay off past due mortgages, taxes and other liens. Since acquiring the property in 1972, the debtor has made no material improvements or development of the property, has no principal place of business, and has never had any income. The Chapter XII petition was filed on the eve of a foreclosure sale by the plaintiffs and the debtor has since been afforded ample time to salvage the property. However, having failed to obtain the necessary government permits and refinancing for the pre-auction development costs, the debtor has abandoned its original proposal to conduct an auction sale of the subdivided lots and now proposes to sell the undeveloped land in such a manner as would require several additional months. Yet, the debtor has failed to demonstrate that there is a realistic prospect of such a sale generating enough cash to fund the plan of arrangement. Furthermore, it is apparent that the debtor's proposed plan is one of liquidation and not a plan of arrangement. The property which the debtor proposes to sell is, for all practical purposes, the debtor's only asset, therefore, when the property in question is sold, there will not remain a viable economic entity which could be rehabilitated.

■ Thus, in light of the debtor's history of inactivity and inability to obtain financing, this Court is satisfied that the debtor has not produced sufficient probative evidence to establish that a real possibility exists for it to effectuate a successful arrangement.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the automatic stay imposed by Bankruptcy Rule 12–43 be, and the same is hereby, vacated and modified to the extent that the relief prayed for in the pleadings filed by the plaintiffs is granted to allow the plaintiffs to proceed to judicial sale of the foreclosed property. It is further

ORDERED, ADJUDGED AND DE-CREED that the costs of this proceeding including court reporters fees be, and the same are hereby, taxed in favor of the plaintiff and against the defendant upon motion and hearing unless agreed upon by the parties.